## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2018

Lyle W. Cayce
Clerk

No. 18-40143
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO RODRIGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-358-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Roberto Rodriguez pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine and was sentenced to 121 months of imprisonment on each count, to be served concurrently, and three years of supervised release on each count, to be served concurrently. He contends that the district court erred in applying a two-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under U.S.S.G. § 3B1.1(c) based on its finding that he was a leader in the offense and asserts that he and his codefendant were equal participants in the conspiracy. Because he objected to the enhancement in the district court, he preserved the issue for appeal. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018).

The Presentence Report (PSR) had an adequate factual basis, and the district court was entitled to rely on it because Rodriguez did not present any evidence to rebut it. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). The PSR shows that Rodriguez's girlfriend/codefendant began smoking methamphetamine after she met him; she stored drugs at her house for Rodriguez; and he called her from prison and gave her specific instructions to deliver a certain amount of methamphetamine to a person who would pay for his bond for release. This evidence demonstrates that Rodriguez had control over at least one participant in the conspiracy. *See United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (en banc). Because the district court's finding that Rodriguez was a leader in the offense was plausible in view of the record as a whole, the district court did not clearly err in imposing this enhancement. *See id.*; *see also United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015).

Second, Rodriguez argues that the sentence was substantively unreasonable and excessive in view of his personal history, his drug addiction, his difficult childhood, and his low criminal history. In addition, he asserts that the methamphetamine guidelines provision lacks an empirical basis and overstates the seriousness of his offense.

Because Rodriguez did not raise this issue in the district court, review is limited to plain error. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). To establish plain error, he must show a forfeited error that is clear and

obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, the court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Although a district court has discretion to vary from a guidelines range on the ground that a Guideline lacks an empirical basis, the court is not required to do so, and the lack of an empirical grounding does not necessarily render a sentence unreasonable or disturb the presumption of reasonableness. *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). Moreover, the record demonstrates that the district court considered the PSR's guidelines calculations, as well as its discussion of his personal and criminal history, the objections and arguments of the parties, and Rodriguez's allocution. Rodriguez's contentions amount to a mere disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, Rodriguez has not shown that the within-guidelines sentence was substantively unreasonable. *See id.*

The Government contends that the judgment includes a clerical error concerning the end dates for all three offenses. Federal Rule of Criminal Procedure 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Remand is appropriate here. Accordingly, a limited remand is ORDERED for the purpose of correcting the judgment to reflect correct end dates for each offense. The judgment is otherwise AFFIRMED.